# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| v. ) | Case No. 10-CR-100-02-JHP-TLW |
| ) | |
| GABRIELLA JIMINEZ, ) | |
| ) | |
| Petitioner. ) | |

## OPINION AND ORDER

Before the Court are Petitioner's Motion to Vacate, Set Aside, and Correct [Sentence] Pursuant to 28 U.S.C. §2255,[1] Petitioner's Motion for Discovery,[2] and Government's Response in Opposition to [Petitioner's] Motion Under 28 U.S.C. §2255. For the reasons set forth below, Petitioner's Motion is **DENIED.**

## BACKGROUND

On August 3, 2010, Petitioner and five other defendants were charged in a sixty-five count superseding indictment with conspiracy to make and use counterfeit access devices.[3] Petitioner was charged in Counts One, Two, Three and Twenty-Nine of the Indictment, as well as in Counts Eighteen through Twenty Seven.[4] On October 20, 2010, Petitioner pled guilty by way of agreement

---

[1]Docket No. 225. The Court notes that Petitioner's Motion for Discovery was included in her original §2255 Motion and the entire motion was docketed twice to represent that two motions were at issue. For its convenience, the Court only refers to the motion at Docket No. 225 (Motion) which contains both motions in their entirety.

[2]*Id.*

[3]Docket No. 76.

[4]*Id.*

to Count One, conspiracy and Count Twenty-Nine, aggravated identity theft.[5] Pursuant to the plea agreement with the Government, Petitioner waived her right to appeal her conviction or sentence, unless the sentence exceeded the statutory maximum, and waived her right to collaterally attack the conviction and sentence under 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel challenging the validity of her guilty plea or the validity of her appellate waiver.[6]

This Court sentenced Petitioner to a total of forty-two months imprisonment, eighteen months on Count One and twenty-four months on Count Twenty-nine, the sentences to run consecutively.[7] Petitioner did not file a direct appeal. On April 28, 2011, Petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and this Court ordered the Government to respond.[8]

**DISCUSSION**

**A. Party Arguments and Petitioner's Waiver**

Petitioner's Motion raises nine grounds for relief: (1) trial counsel was ineffective for failing to consult about appeal or file a notice of appeal; (2) the Court lacked jurisdiction because Congress did not have the power to punish the crimes charged under the Commerce Clause; (3) trial counsel was ineffective for failing to object to the PSI; (4) Petitioner received a disparate sentence as a result of her Japanese and Hispanic heritage; (5) Petitioner due process rights were violated the by the Court's failure to consider her post-conviction and post-sentencing rehabilitation; (6) the indictment

---

[5]*See* Docket No. 138.

[6]*Id.*

[7]Docket No. 205.

[8]Docket No.'s 225, 227.

2

was duplicitous and violated the double jeopardy clause of the Fifth Amendment; (7) trial counsel was ineffective for failing to advise her that ignorance of the law was a valid defense to the charged crimes; (8) the indictment was multiplicitous and duplicitous because it charged both conspiracy and the substantive offense; and (9) the Court lacked jurisdiction over non-Indian on non-Indian crime in Indian Country.[9] The Government contends all of Petitioner's grounds for relief are procedurally barred by Petitioner's plea agreement waiver of both her direct appeal rights and her right to collaterally attack her conviction.[10]

Plea agreements including waivers of appellate and post-conviction rights are enforceable where the waiver is expressly stated and where the waiver is both knowing and voluntary.[11] The waiver here, in pertinent part, reads:

> In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:
> 
> > a. The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. §1291 and/or 18 U.S.C. §3742(a); and
> > 
> > b. The defendant reserves the right to appeal from a sentence which exceeds the statutory maximum; and
> > 
> > c. The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. §3742(b) and U.S. v. Booker, 125 S.Ct. 738 (2005); and
> > 
> > d. The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. §2255, except for claims based on

---

[9]*See* Motion at 1-2, Docket No. 225.

[10]Docket No. 225, Government's Response at 12, Docket No. 232.

[11]*See U.S. v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir.2001); *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir.2004).

3

> ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver;

The defendant expressly acknowledges that counsel has explained her appellate and post-conviction rights; that defendant understands his [sic] rights; and that defendant knowingly and voluntarily waives those rights as set forth above.[12]

The Government contends that Grounds Two, Four, Five, Six, Eight, and Nine of Petitioner's Motion fail to allege either a sentence above the statutory maximum or ineffective assistance of counsel in any form and are therefore barred by Petitioner's waiver.[13] The Government further contends that while Grounds One, Three, and Seven allege ineffective assistance of counsel, they do not challenge the validity of Petitioner's plea or waiver and are therefore similarly barred by Petitioner's waiver.

The Court will enforce Petitioner's waiver so long as: (1) the disputed issue falls within the scope of the waiver of rights; (2) the Petitioner knowingly and voluntarily waived her rights; and (3) enforcing the waiver would not result in a miscarriage of justice.[14] Although it is disputed whether the issues contained in Petitioner's §2255 Motion fall within the scope of the waiver, before the Court can reach that argument it must necessarily address any challenges by Petitioner as to whether or not the waiver was knowing and voluntary.[15] In examining Petitioner's Motion, the Court construes it liberally, closely scrutinizing all of Petitioner's arguments that appear to raise the

---

[12]See Plea Agreement at 3, Docket No. 138.

[13]Government's Response at 13, Docket No. 232.

[14]*See Hahn*, 359 F.3d at 1325.

[15]*See Cockerham*, 237 F.3d at 1183 (waiver enforceable if plea was knowing and voluntary).

4

issue of an invalid waiver or plea.[16]

**B. Applicability of Petitioner's Waiver of Appellate and Post-Conviction Rights**

The Court finds that Grounds One, Three, Seven, and the non-grounds-for-relief sections are the only parts of Petitioner's Motion that even tacitly question whether or not Petitioner's waiver and underlying plea agreement were knowing and voluntary.

<u>1. Proposition (Ground) One</u>

Looking first to Ground One, Petitioner claims, "Counsel was ineffective in failing to consult with Defendant about appealing and for failing to file a notice of appeal in violation of the Fifth and Sixth Amendments."[17] The allegation that Trial Counsel failed to consult with Petitioner about her appellate rights raises some question as to the knowing and voluntary nature of Petitioner's waiver. However, the allegation is without merit.

In addition to the October 20, 2010 plea agreement which Petitioner initialed on each page and signed with Trial Counsel, Petitioner also filed a signed an "Acknowledgment and Waiver of Right to Appeal" on February 23, 2011.[18] In this second document, Petitioner affirmed (1) that she had received a copy of the Judgement on February 17, 2011, (2) that Trial Counsel had advised her of the advantages and disadvantages of appealing her conviction and sentence, (3) that she did not desire an appeal, and (4) that she waived her right to appeal the matter.[19] Based on the two separate waivers, the Court finds that Trial Counsel both consulted with Petitioner about her appellate rights

---

[16]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (*pro se* pleadings construed liberally, held to less stringent standard than formal pleadings drafted by lawyers).

[17]*See* Motion at 1, Docket No. 225 (*citation omitted*).

[18]*See* Plea Agreement at 3-4, Docket No. 138; Docket No. 213.

[19]*Id.*

and was explicitly instructed by Petitioner not to file an appeal. Consequently, Counsel's failure to file a notice of appeal cannot be considered deficient.[20] As this allegation offers no evidence that Trial Counsel was ineffective or that the waiver was anything other than knowing and voluntary, it does not present a challenge to the enforceability of Petitioner's waiver of her appellate and post-conviction rights.

2. Proposition (Ground) Three

In Ground Three of her Motion, Petitioner alleges:

The record does not reflect that Defendant and Counsel read and discussed the PSI and Addendum to the PSI [ ] in violation of the Due Process Clause. Counsel was ineffective in failing to object. All in violation of Fed. R. Crim. Proc. 32, the Fifth and Sixth Amendment right to effective [a]ssistance of Counsel. The error resulted in a greater sentence than necessary because [D]efendant was sentenced in the wrong guideline range.[21]

Petitioner's allegation that Trial Counsel did not fully advise her of the Pre-Sentence Investigation Report (PSI) findings and the possible sentence that might result raises some question as to the knowing and voluntary nature of Petitioner's waiver and underlying plea. However, despite Petitioner's claims to the contrary, the record clearly reflects that Petitioner and Trial Counsel read and discussed the Pre-Sentence Investigation Report (PSI).[22] In addition to the falsity of Petitioner's allegation, the proposition for relief also fails to allege that Trial Counsel's failure to object to the PSI in any way affected the knowing and voluntary nature of the waiver or plea agreement, which were completed long before sentencing. As this Ground for relief fails to challenge the validity of

---

[20]*See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

[21]*See* Motion at 1, Docket No. 225 (*internal citations omitted*).

[22]*See* Sentencing Transcript at 2:10-21, Docket No. 230; Minutes of Proceedings at 1, Docket No. 190 (box checked for "Plaintiff & Defendant reviewed PSI: no objs").

6

the waiver or underlying plea agreement, it does not impact the enforceability of the Petitioner's waiver of appellate and post-conviction rights.

3. Proposition (Ground) Seven

Construed liberally, Ground Seven of Petitioner's Motion appears to challenge the validity of Petitioner's waiver and underlying plea agreement by alleging that Trial Counsel did not fully advise Petitioner of her defenses prior to the plea agreement. Ground Seven reads:

> Counsel was ineffective in failing to advise [D]efendant that ignorance of the law was a valid defense to the indent. [sic] crimes here, because knowledge and willfulness were charged elements, in violation of the Fifth and Sixth Amendments. "Evidence that raises only suspicion of guilt cannot sustain a criminal conviction."[23]

An attorney's failure to advise a Defendant of available defenses may constitute ineffective assistance and may call into question the knowing and voluntary nature of a plea. However, Petitioner's proposed defense that she was ignorant of identity theft law is not a valid defense to the crime charged.

"The general rule that ignorance of the law or a mistake of the law is no defense to criminal prosecution is deeply rooted in the American legal system."[24] Even specific intent crimes "do not, as a rule, necessitate a showing the defendant intentionally violated a known legal duty."[25] The requirement that there be a knowing violation of the law is only imposed in circumstances where there is a clear directive from Congress.[26]

The identity crime with which Petitioner was charged was Count Twenty-Nine of the

---

[23] *See id.* at 3 (*internal citations omitted*).

[24] *Cheek v. U.S.*, 498 U.S. 192, 199, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991).

[25] *U.S. v. Blair*, 54 F.3d 639, 643 (10thCir.1995).

[26] *Id.*

7

Superceding Indictment, aggravated identity theft pursuant to 18 U.S.C. §1028A(a)(1).[27] The statute is a specific intent statute, requiring that multiple elements of the crime be committed "knowingly." The statute reads:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), **knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person** shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.[28]

The Supreme Court has stated that in interpreting §1028A(a)(1), "'knowingly' is naturally read as applying to all the subsequently listed elements of the crime."[29] Applying this interpretation, the burden of the Government at trial would be to prove that Petitioner knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person.[30] In this statement of the law, there is no clear language from Congress that there must be a knowing violation of the law, therefore Petitioner's knowledge of whether or not such action was a crime is not an element to be proved under the charging statute.[31]

As the statute does not require Petitioner to know that her actions were a crime, Trial Counsel's performance is not deficient for failing to advise Petitioner of this defense. As Trial

---

[27] *See* Docket No. 76.

[28] 18 U.S.C. §1028A(a)(1) (*emphasis added*).

[29] *Flores–Figueroa v. United States*, 546 U.S. 646, 129 S.Ct. 1886, 1890–91, 173 L.Ed.2d 853 (2009).

[30] *See* 18 U.S.C. §1028A(a)(1).

[31] Certain crimes do require a showing that a Defendant violated a known legal duty. These include income tax crimes and violations of the Banking Secrecy Act. *See Blair*, 54 F.3d at 643 (*citing* such a requirement has been imposed in the context of income tax crimes and violations of the Bank Secrecy Act, see, e.g., *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (applying the Internal Revenue Code); *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (applying the Bank Secrecy Act)).

Counsel's performance was not deficient, Petitioner cannot claim the ineffective assistance of counsel.[32] Further, as this defense was inapplicable, the fact Petitioner was not aware of it prior to her plea would not impact the knowing and voluntary nature of Petitioner's plea agreement. As such, Petitioners claims in Ground Three do not impact the enforceability of her plea waiver.

4. Claims Outside Petitioner's Grounds for Relief

Nothing else in Petitioner's Motion demonstrates a valid challenge to the validity of her waiver or underlying plea. Even the section entitled "Waiver," in which Petitioner provides an extensive discussion of legal precedent, Petitioner fails to allege that either her waiver or plea were anything other than knowing and voluntary.[33] What is presented is a mass of legal precedent with no attempt to tie these cases to Petitioner's allegations. The resulting string citation, with cases addressing everything from involuntary pleas to post-conviction double jeopardy challenges, lacks any clear direction or application to the facts of Petitioner's case. Although the Court must construe Petitioner's Motion liberally, it need not fashion arguments for her based only on a series of citations.[34]

Looking next to the section entitled "Cause and Prejudice," Petitioner relays a wealth of information concerning the ineffectiveness standard, but in no way ties that to any argument that her plea and waiver was either unknowing or involuntary.[35] As above, the Court cannot create

---

[32]*See Strickland v. Washington,* 466 U.S. 668, 687-8; 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to prove ineffective assistance of counsel, defendant must show both that counsel's performance was deficient, and that deficient performance resulted in prejudice; the Court need not address both prongs of the inquiry if one is found lacking).

[33]*See id.* at 2-3.

[34]*Cf. U.S. v. Fisher*, 38 F.3d 1144, 1147 (10thCir.1994).

[35]*See* Motion. at 3, Docket No. 225.

Petitioner's arguments for her from a recitation of minimally applicable precedent. Even construing the "Waiver" and "Cause and Prejudice" sections liberally, the Court cannot find any argument by Petitioner that Trial Counsel was ineffective for failing to fully advise Petitioner during the plea negotiations or that Petitioner's plea was anything other than knowing and voluntary. Without such allegations, these claims do not impact the enforceability of the Petitioner's waiver of appellate and post-conviction rights.

Petitioner's Motion also contained a section entitled "Discovery" that was characterized by the Court as a separate motion.[36] The section begins as a blanket request for all documents pertaining to her prosecution, but quickly shifts into an allegation of prosecutorial impropriety that, when broadly construed, might constitute an allegation that would cast doubt on the knowing and voluntary nature of Petitioner's plea. Ultimately, however, Petitioner's Motion for Discovery contains nothing more than a bare allegation that "[t]he prior proceedings in the Court did not adequately develop the information sought because the government withheld material evidence in violation of *Jencks*, *Brady*, and the Fifth and Sixth Amendments."[37]

Again, although the Court construes Petitioner's claims liberally, it is "not required to fashion Defendant's arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments."[38] Without some allegation of what was withheld or at least some fact supporting Petitioner's contention that the Government withheld information, the Court cannot find that a lack of information in any way affected the knowing and voluntary nature of

---

[36]*See* Motion for Discovery at Docket No. 226; *supra* note

[37]Motion for Discovery at 4, Docket No. 225.

[38]*Fisher*, 38 F.3d at 1147.

10

Petitioner's plea.

After thorough review of the record and all of Petitioner's allegations, the Court finds no evidence, or even persuasive argument, that Petitioner's waiver or plea were anything other than knowing and voluntary. As such, the waiver of appellate and post-conviction rights contained in Petitioner's plea agreement is enforceable as to the instant §2255 motion if the issues raised in Petitioner's motion fall within the scope of the waiver and enforcement of the waiver will not result in a miscarriage of justice.[39]

**C. Application of the Waiver**

The Court looks first to whether or not Petitioner's claims fall under the scope of the waiver.[40] As discussed above, Grounds One, Three, and Seven, as well as the portions of Petitioner's Motion not included in her grounds for relief, fail to offer any valid claims that Petitioner's waiver or underlying plea agreement were unknowing or involuntary as a result of ineffective assistance. Further, although Ground Three does allege that Petitioner received a higher guideline sentence than necessary, it does not allege that Petitioner received a sentence in excess of the statutory maximum. As such, no exception to the waiver applies to these claims, and all of these claims fall within the scope of the waiver. Similarly, despite a liberal reading of all other claims, Grounds Two, Four, Five Six, Eight, and Nine of Petitioner's Motion also fail to challenge either the validity of the underlying plea agreement due to ineffective assistance or that the sentence imposed exceeds the statutory maximum. Therefore, these claims also fall within the scope of the waiver.

As all of Petitioner's claims fall within the scope of her waiver of appellate and post-

---

[39]*Hahn*, 359 F.3d at 1325.

[40]*Id.*

conviction rights, the waiver applies unless enforcing the waiver would result in a miscarriage of justice.[41] As outlined in *United States v. Hahn*, enforcement of a waiver does not result in a miscarriage of justice unless the record shows (1) that the district court relied on an impermissible factor such as race, (2) that ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) that the sentence exceeds the statutory maximum, or (4) that the waiver is otherwise unlawful.[42] As discussed above, the instant record reflects none of the factors outlined in *Hahn,* therefore there is no indication that enforcing Petitioner's waiver would result in a miscarriage of justice.

Considering that Petitioner's waiver and underlying plea was both knowing and voluntary, that all of Petitioner's grounds for relief fall under the terms of her waiver of appellate and post-conviction rights, and that enforcement of the waiver will not result in a miscarriage of justice, this Court finds all of Petitioner's claims are barred by her waiver of appellate and post-conviction rights. Petitioner's Motion to Vacate, Set Aside, and Correct [Sentence] Pursuant to 28 U.S.C. §2255 is **DENIED**.

**D. Request for Evidentiary Hearing**

In her Motion for Discovery, Petitioner requests an evidentiary hearing based on her conclusory allegation that "the government withheld material evidence in violation of *Jencks*, *Brady*, and the Fifth and Sixth Amendments."[43] To be entitled to evidentiary relief to claims raised in a

---

[41]*Id.*

[42]*Id.* at 1327.

[43]Motion for Discovery at 4, Docket No. 225.

§2255 petition, a petitioner must allege facts which, if proved, would entitle her to relief.[44] Such allegations, "must be specific and particularized, not general or conclusory."[45] As the Court has previously noted, Petitioner's allegations of withholding evidence do not rise above the level of speculative finger-pointing and bald accusation. At no point does Petitioner speculate as to what evidence may have been withheld or allege any facts that suggest evidence was withheld. As a result, both Petitioner's request for an evidentiary hearing and Petitioner's Motion for Discovery are properly **DENIED**.

## CONCLUSION

For the reasons outlined above, Petitioner's Motion to Vacate, Set Aside, and Correct [Sentence] Pursuant to 28 U.S.C. §2255 and Petitioner's Motion for Discovery are **DENIED**.[46]

Dated this 16th Day of May, 2012.

*[signature: James H. Payne]*

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[44] *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001);*Cf. Davis v. United States*, 417 U.S. 333, 343, 94 S. Ct. 2298, 2304, 41 L.Ed.2d 109 (1974) (§2255 remedy equal in scope to habeas corpus).

[45]*Hatch*. 58 F.3d at 1471.

[46]Docket No. 225. The Court again notes that Petitioner's Motion for Discovery was included in her original §2255 Motion and the entire motion was docketed twice to represent that two motions were at issue. For its convenience, the Court only refers to the motion at Docket No. 225 (Motion) which contains both motions in their entirety.